## Case No. 15,507.

### UNITED STATES v. KAUB.

[23 Int. Rev. Rec. 211.]

District Court, E. D. Alabama. June 7, 1877.

CUSTOMS DUTIES—CLASSIFICATION—LOTTERY TICKETS.

[1. Where decisions of the treasury department under a tariff act have been long in force, and congress reproduces, in hæc verba, the language thus construed, in a later statute, the interpretation thereof will be much aided by reference to such decisions.]

[2. German lottery tickets printed in full abroad, so as to require no additions in writing, were dutiable, either under the designation "all printed matter," contained in Rev. St. § 2504, Schedule M, or, if not included in that description, then as nonenumerated articles manufactured in whole or in part, under section 2516.]

[This was a criminal information against Edward Kaub for importing dutiable articles without paying the duties thereon. The cause was heard on a demurrer to the information.]

W. H. Bliss, U. S. Atty.
H. A. Clover, for defendant.

TREAT, District Judge. Defendant imported through the mails large packets of German lottery tickets without complying with the requirements of the law as to payment of duties, etc. The question is whether such articles are dutiable. A careful reading of the statute (Schedule M, p. 483) will show that they are not within the list of articles therein designated, viz.: Paper and manufactures of paper. The various decisions of the treasury department as to the true construction of the statutes concerning dutiable articles are not conclusive on the courts; yet when such decisions have been long in force, and the language of prior statutes is reproduced in haec verba in later statutes, such treasury rulings lend aid in reaching a true interpretation of the latter acts of congress.

For a long period of time the treasury department had ruled that the true distinction between "printed matter" and "manufactures of paper" depended upon the use to be made of such printed matter, viz.: whether such matter consisted of labels, etc., ready for use

without being filled up by writing, or was to be issued as reading matter, or whether, on the other hand such matter was partly printed for the purpose of being filled up by writing.

It is fair to infer that congress reproduced the former statutes in the light of such practical construction given to them. Schedule M (page 477) makes dutiable "books, periodicals, pamphlets, blank-books, bound or unbound, and all printed matter, engravings," etc. As these tickets were printed abroad in full, and require no addition thereto in writing, they are dutiable. This view is strengthened by an examination of the free list (section 2505, p. 491), as to books, etc., and crude material for making paper. If these articles did not fall within the description of printed matter, as stated, they might be included, perhaps, within section 2516 as articles manufactured in whole or part, not enumerated, and be dutiable at 20 per cent. ad valorem. Section 2503 imposes duties at rates mentioned in the next section, with exceptions enumerated, the latter paying only 90 per cent. of the enumerated rates. Among those exceptions are "paper and manufactures of paper, . . . books and other printed matter, etc." Hence it is fairly open for construction, whether these articles being printed matter are dutiable at 25 per cent. or 22½ per cent. ad valorem. Section 3082 in using the term "merchandise" includes therein dutiable articles imported, and imposed for its violation, fine or imprisonment or both, the fine being not less than $50 nor more than $5,000. The demurrer is overruled.